```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
In re: EPHEDRA PRODUCTS LIABILITY    :    04 MD 1598 (JSR)
LITIGATION                           :
------------------------------------- x
HARRY RODRIGUEZ, individually and on :
behalf of all others similarly       :
situated,                            :
                                     :
                Plaintiff,           :
                                     :
                -v-                  :    06 Civ. 2987 (JSR)
                                     :
GENERAL NUTRITION COMPANIES, INC.,   :
                                     :
                Defendant.           :
------------------------------------- x
EVERETT ABRAMS, individually and on  :
behalf of all others similarly       :
situated,                            :
                                     :
                Plaintiff,           :
                                     :
                -v-                  :    06 Civ. 7881 (JSR)
                                     :
GENERAL NUTRITION COMPANIES, INC.,   :
                                     :
                Defendant.           :
------------------------------------- x
ANDREW TOTH and RICHARD ZATTA, each  :
individually and on behalf of all    :
others similarly situated,           :
                                     :
                Plaintiffs,          :
                                     :
                -v-                  :    07 Civ. 2721 (JSR)
                                     :
GENERAL NUTRITION COMPANIES, INC.,   :
                                     :
                Defendant.           :
------------------------------------- x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-8-10

```
------------------------------------- x
SEAN BROWN, OZAN CIRAK, LUKE SMITH,   :
and THOMAS HANNON, each individually  :
and on behalf of all others similarly :
situated,                             :
                                      :
              Plaintiffs,             :
                                      :
         -v-                          :    07 Civ. 6356 (JSR)
                                      :
GENERAL NUTRITION COMPANIES, INC.,    :    MEMORANDUM ORDER
                                      :
              Defendant.              :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

Presently before the Court are renewed motions by plaintiffs in the above-captioned cases to remand these cases to the state courts from which they were removed. The Court received briefing on these motions and held oral argument on February 18, 2010. For the following reasons, the Court, in its discretion,[1] abstains from exercising jurisdiction over these cases and thus remands them to the respective state courts.

The complaints in the above-captioned cases, respectively filed in New York, New Jersey, Pennsylvania, and Florida state court, allege that defendant, General Nutrition Companies, Inc. ("GNC"), engaged in consumer fraud and was unjustly enriched in connection with its sale of products containing certain steroid hormones. In

---

[1] At oral argument, plaintiffs' counsel clarified that plaintiffs were requesting that the Court abstain on discretionary grounds, and are no longer suggesting, as they did in their briefs, that such abstention is mandated by statute, see 28 U.S.C. § 1334(c)(2), or that the Court lacks subject matter jurisdiction altogether. See tr., 2/18/10, at 3-4.

2

2006, MuscleTech Research and Development, Inc. ("MuscleTech"), one of the manufacturers of such hormones, initiated bankruptcy proceedings in Canada and in the Southern District of New York. Thereafter, GNC filed notices of removal on the basis that these cases were "related to" the MuscleTech bankruptcy, see 28 U.S.C. § 1334(b), due to the obligation of MuscleTech to indemnify GNC for product liability claims involving MuscleTech products. Shortly after removal, plaintiffs in each of the removed actions moved for mandatory and permissive abstention, but these motions were rejected by the four federal district courts then presiding over these actions. Since then, the cases have all been transferred to the undersigned.

Against this background, the Court notes that there is no longer any relation whatsoever between these cases and the MuscleTech bankruptcy: the relevant bankruptcy proceedings have concluded, and the parties have entered a joint stipulation dismissing all claims against GNC that relate to MuscleTech products. However, because facts relating to subject matter jurisdiction are generally considered as they exist when the action is removed, these subsequent developments may not suffice to divest this Court of "related to" jurisdiction. See In re WorldCom Inc. Sec. Litig., 294 B.R. 553, 556-57 (S.D.N.Y. 2003). Nonetheless, even if jurisdiction persists, the Court still has the discretion to abstain from hearing these matters "in the interest of justice [or] in the interest of comity with State courts or respect for State law," 28 U.S.C. § 1334(c)(1), and to remand "on any equitable ground," id. § 1452(b).

3

In opposing plaintiffs' renewed motions, GNC asserts that reasons of efficiency and judicial economy counsel in favor of this Court's retention of jurisdiction.  Furthermore, GNC notes that federal district courts considering the initial set of abstention motions found that, because of circumstances outside the control of the respective state judges, the pre-removal state court proceedings were not being timely adjudicated.

In the abstract, the Court agrees that there are doubtless certain potential economies in having these four actions, which are predicated on essentially identical factual allegations, resolved in a single proceeding before a Court that is familiar with sport supplement cases.  But plaintiffs, in their briefing and during oral argument, have identified several reasons why such efficiencies might not materialize if this Court were to retain jurisdiction.  First, the cases are presently in different procedural postures: whereas three of the cases have class certification motions pending (and in some instances fully briefed), in the Pennsylvania action (Toth), class certification has already been denied by the state courts.  Second, a single consolidated jury trial in federal court may not be feasible due to differences among applicable Florida, New Jersey, New York, and Pennsylvania law.  And third, because substantial discovery has already been completed in all four cases, an expedited discovery process is not a consideration favoring a federal forum.

Based on these complexities, the Court concludes that any economies that would result from its retaining jurisdiction are at best speculative.  On the other hand, there may be comity reasons to

4

abstain from exercising jurisdiction over these pure state law claims, in that (1) insofar as these actions will be tried before a jury, remand will allow jurors to be drawn from the state whose law applies to the action and where plaintiffs reside; (2) holding trial in New York would be less convenient to the Florida, New Jersey, and Pennsylvania plaintiffs who wish to be present at these proceedings; (3) remand will permit state judges to apply the state law with which they are familiar; and (4) certain of the state courts, both trial and appellate, have already expended judicial resources in resolving class certification motions and other matters in these litigations. To the extent the foregoing considerations are not themselves dispositive, unmistakably militating toward remand are the undisputed facts that these cases involve no federal law claims and now have absolutely no relation to the MuscleTech bankruptcy.[2]

---

[2] Courts in this district have consulted twelve factors in determining whether to abstain pursuant to 28 U.S.C. § 1334(c)(1), several of which involve considerations pertaining to the "related" bankruptcy case, and are therefore wholly irrelevant here. See, e.g., N.Y. City Employees' Ret. Sys. v. Ebbers (In re WorldCom, Inc. Sec. Litig.), 293 B.R. 308, 332 (S.D.N.Y. 2003) (listing as relevant factors "(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden [on] the court's docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial,

For these reasons, and especially given the incongruity of continuing to exercise "related to" jurisdiction over matters that are no longer in any actual sense "related to" the MuscleTech bankruptcy, the Court finds that abstention is in the interests of justice and comity, and hereby directs the Clerk of the Court to remand the above-captioned actions to the respective state courts from which they were removed and to close these cases on the Court's docket.

SO ORDERED.

Dated: New York, NY
       March 5, 2010

JED S. RAKOFF, U.S.D.J.

---

and (12) the presence in the proceeding of nondebtor parties" (quoting <u>Masterwear Corp. v. Rubin Baum Levin Constant & Friedman (In re Masterwear Corp.)</u>, 241 B.R. 511, 520 (Bankr. S.D.N.Y. 1999))).